UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Hyman Freightways, Inc., | Bankruptcy Case No. 97-45174 |
| Debtor. | |
| | |
| Habbo G. Fokkena, United States Trustee, | Civil No. 06-2607 (PAM) |
| Appellant, | |
| v. | **MEMORANDUM AND ORDER** |
| Fredrikson & Byron, P.A.; Kalina, Wills, Gisvold & Clark, P.L.L.P.; and Merical Associates, Inc., | |
| Appellees. | |

This matter is before the Court on an appeal from an order of the United States Bankruptcy Court,[1] which denied a Chapter 7 trustee's motions for a refund of professional fees. For the reasons that follow, the Court affirms the order.

**BACKGROUND**

Debtor Hyman Freightways, Inc. filed a Chapter 11 bankruptcy petition on July 23, 1997. Shortly thereafter, Hyman Freightways sought and obtained authorization from the bankruptcy court to pay prepetition employee expenses in the amount of $1,980,000 and cartage company fees in the amount of $600,000. During the next month, with the bankruptcy court's approval, Hyman Freightways hired Fredrikson & Byron, P.A. as counsel;

---

[1] The Honorable Robert J. Kressel, United States Bankruptcy Judge.

Kalina, Wills, Gisvold & Clark, P.L.L.P. as special labor and regulatory counsel; and Merical Associates, Inc. as financial advisor. On October 10, 1997, pursuant to Merical's fee application, the bankruptcy court awarded Merical $44,687.51 in compensation and expenses.

On November 12, 1997, the case was converted to a Chapter 7 proceeding, and Thomas F. Miller was appointed trustee. After the conversion, Kalina requested and received approval of compensation and expenses in the amount of $49,142.15. Fredrikson also sought payment of its fees. The bankruptcy court allowed Fredrikson $8,054.97 in Chapter 7 administrative expenses and permitted Fredrikson to apply its retainer to its Chapter 11 expenses. The court deferred ruling on the remainder of the Chapter 11 expenses, which totaled $233,567.

In preparation for the final report and accounting, the Chapter 7 trustee sought to disgorge the fees paid to Fredrikson, Kalina, and Merical. The United States Trustee (UST) joined the motions. According to the Chapter 7 trustee, the bankruptcy estate would be able to pay all 11 U.S.C. § 503(b) administrative expense claims incurred under Chapter 7, but there would only be $357,785.00 remaining to pay the § 503(b) claims incurred under Chapter 11, which totaled $3,516,000.00. The trustee estimated that the distribution to Chapter 11 claimants would be approximately ten percent, but if the professional fees were disgorged, claimants would receive approximately fourteen percent. The trustee and the UST argued to the bankruptcy court that if the fees were not disgorged, Fredrikson, Kalina, and Merical would receive more than their pro rata share, in contravention of the United States

Bankruptcy Code, 11 U.S.C. § 101 et seq.

The bankruptcy court denied the motions, finding that 11 U.S.C. § 726(b) does not provide the authority to order disgorgement. The court acknowledged at the outset the existence of case law contrary to its decision but emphasized that none of the authority was binding. The court began its substantive discussion by observing that § 726(b) mandates only pro rata distribution of a bankruptcy estate; it contains no provision for adding property back into the estate. The court then looked to 11 U.S.C. § 541 but similarly found no provision to recover administrative fees that had already been paid. Next, the court reasoned that because 11 U.S.C. § 549 explicitly provides for recovery of postpetition transfers in some instances, § 549's silence on the issue at hand meant that Congress did not intend for trustees to recover postpetition payments that were either authorized by a court or by the Bankruptcy Code itself. The court opined that the trustee's argument, carried to its logical ultimate conclusion, would require the trustee to recover every payment made during the Chapter 11 case and redistribute the money, thereby unwinding the Chapter 11 process. Finally, the court acknowledged that some circumstances could warrant applying equitable principles and ordering a refund of compensation, but the court found that the equities here weighed against a refund.

**DISCUSSION**

**A.     Standard of Review**

On appeal from a bankruptcy court proceeding, the Court reviews legal conclusions de novo and factual findings for clear error. Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997); Fed. R. Bankr. P. 8013. The Court reviews statutory interpretations de novo. Huisinga v. Carter (In re Juhl Enters., Inc.), 921 F.2d 800, 802 (8th Cir. 1990). Matters of the bankruptcy court's discretion are reviewed for an abuse of discretion. Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.), 397 F.3d 647, 651 (8th Cir. 2005).

**B.     Interim Compensation**

During the pendency of a bankruptcy petition, the bankruptcy court may approve interim compensation for attorneys and other professionals. 11 U.S.C. § 331. The purpose of § 331 is to alleviate the economic burden on such professionals in long and complicated bankruptcy proceedings, such as this case has proven to be. See In re Mansfield Tire & Rubber Co., 19 B.R. 125, 127 (Bankr. N.D. Ohio 1981). Thus, by enacting § 331, Congress decided to treat certain professionals differently than other claimants.

Payments authorized under § 331 are interlocutory in nature and subject to reconsideration by the issuing judge. In re Kids Creek Partners, L.P., 236 B.R. 871, 875 (Bankr. N.D. Ill. 1999); In re Anolik, 207 B.R. 34, 37 (Bankr. D. Mass. 1997). However, while interim payments are subject to review, it is unsettled whether a bankruptcy court is required to order the return of interim fees to the estate if there is not enough money to pay

pro rata all administrative expense claims in a class.

## C.   Distribution of the Bankruptcy Estate

The distribution of property of the bankruptcy estate is governed by 11 U.S.C. § 726, which establishes the order in which the trustee must distribute the property and mandates pro rata distribution of assets to creditors in the same class.  11 U.S.C. § 726(b).  The pro rata distribution requirement correlates with the Bankruptcy Code's policy of equal distribution among creditors with the same priority.  See Begier v. I.R.S., 496 U.S. 53, 58 (1990).  In this case, the relevant class consists of creditors seeking to recover administrative expenses under 11 U.S.C. § 503(b).

By its terms, § 726(b) concerns only the distribution of the estate.  It contains no provision for the collection, addition, or return of property to the estate.  The statute's plain language simply does not speak to the remedy of disgorgement.  Thus, the bankruptcy court did not err in finding that the plain language of § 726(b) does not require disgorgement.

In addition, § 726 governs only the property of the bankruptcy estate, and Appellees make a compelling argument that money paid out of the estate ceases to be property of the estate.  Of course, if the money is disgorged and returned to the estate, it would once again become property of the estate subject to distribution under § 726(b).

## D.   Disgorgement: a Matter of Discretion

Disgorgement of interim professional compensation is a matter of discretion.  See In re Kids Creek Partners, L.P., 220 B.R. 963, 978 (Bankr. N.D. Ill. 1998); In re Anolik, 207 B.R. at 39; see also United States v. Boston Shipyard Corp. (In re Boston Shipyard Corp.),

5

No. Civ. A. 92-10694-Z, 1993 WL 370629, at *3 (D. Mass. Sept. 14, 1993) ("The Code does not expressly mandate disgorgement whenever assets are insufficient to reimburse all administrative claims, and most courts addressing the issue have discussed the appropriateness of granting such relief in discretionary terms") (citing Crane v. Arthur Winer, Inc. (In re Taxman Clothing Co.), 134 B.R. 286, 291 (N.D. Ill. 1991); In re Kaiser Steel Corp., 74 B.R. 885, 891 (Bankr. D. Colo. 1987)); but see Specker Motor Sales Co. v. Eisen, 393 F.3d 659, 664-65 (6th Cir. 2004) (holding that interim compensation must be disgorged when necessary to achieve pro rata distribution).  In addition, "[d]isgorgement is a harsh remedy, one that should be applied only when mandated by the equities of a case." In re Anolik, 207 B.R. at 39; see also In re Barron, 73 B.R. 812, 815 (Bankr. S.D. Cal. 1987) (courts must examine the circumstances of each case to achieve an equitable result).  In exercising its discretion, a bankruptcy court must, at least, reconsider the propriety of the interim fees.  In re Boston Shipyard Corp., 1993 WL 370629, at *3 (citations omitted).

In the present case, the bankruptcy court reexamined the interim fee awards, considering the particular circumstances of this case in order to reach an equitable result. The court acknowledged that some circumstances could dictate a refund of compensation but found no such circumstances here.  The court reasoned that the trustee's request would actually create inequity because the trustee was not seeking a refund of compensation paid to claimants with a lower priority or to Chapter 11 claimants.  The court also considered the eight-year time period between the payment of the interim award and the trustee's request for disgorgement, and found the passage of time weighed against requiring a return of the

6

fees. Similarly, as to the Appellee law firms, the court found it would be inequitable to require the current shareholders or partners to refund fees distributed years ago to a different group of individuals. Lastly, the court recalculated the distribution and found that only a minor increase would result if the fees were returned to the estate.

The Court finds that the bankruptcy court properly reexamined the propriety of the fees, weighed the relevant equitable factors, and determined not to require disgorgement. Thus, the court did not abuse its discretion in denying the trustee's motion for a refund of professional fees.

The UST has argued that the bankruptcy court's decision is at odds with the Bankruptcy Code's policy of equal distribution. However, the position of Appellees was not created by the bankruptcy court's unequal distribution, but by Congress's intent to alleviate the financial burden on certain professionals in bankruptcy cases by explicitly granting them interim compensation and by failing to include an explicit mandate to recover the fees in the case of administrative insolvency. Cf. Small Bus. Admin. v. McClellan, 364 U.S. 446, 452-53 (1960) (finding the policy of equal distribution was not violated when a private unsecured creditor was placed in a better position than other creditors in its class by virtue of its contract with the Small Business Administration). In addition, the application of § 726(b) by its plain language best promotes the goal of equal distribution. That is, unpaid administrative expense claims of creditors in the same class should be paid pro rata from the available funds constituting the property of the estate.

**E.     Other Relevant Sections of the Bankruptcy Code**

   1.     <u>Title 11 U.S.C. § 105</u>

The discretionary nature of disgorgement in these circumstances is further supported by 11 U.S.C. § 105, which states that a "court <u>may</u> issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a) (emphasis added).  The word "may" is a discretionary term; it does not compel the bankruptcy court to act.  Thus, the court could have ordered disgorgement under § 105(a), <u>see</u> <u>In re Kearing</u>, 170 B.R. 1, 7 (Bankr. D. Col. 1994), but it did not have to.

   2.     <u>Title 11 U.S.C. § 541</u>

The UST faults the bankruptcy court's discussion of 11 U.S.C. § 541, which defines "property of the estate."  This definition includes certain property recovered by a trustee: "Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title."  11 U.S.C. § 541(a)(3).  Notably, the list does not include § 726.  As the bankruptcy court correctly concluded, § 541 does not provide a means to recover administrative expenses already paid, and the Bankruptcy Code has not included such expenses in its definition of property in the bankruptcy estate.

   3.     <u>Title 11 U.S.C. §§ 329, 330, and 549</u>

The Bankruptcy Code contains three provisions that explicitly permit a bankruptcy court to order disgorgement of postpetition professional fees.  Each of these sections grants discretion to the bankruptcy court in disallowing or ordering the return of compensation.

Section § 549 allows a trustee to "avoid" certain transfers of property of the estate,

8

such as payments made without requisite court approval. 11 U.S.C. § 549(a). However, § 549 is irrelevant to this case. Although the bankruptcy court refers to § 549(a) in its analysis, it was only to note that Congress knew how to enact a specific provision for recovery of postpetition payments, and while it did so in § 549, it did not in § 726(b).

Another means for recovery is found in § 329, which requires an attorney to return compensation which exceeds the reasonable value of the services provided. 11 U.S.C. § 329(b). There is no such allegation here.

Finally, § 330(a)(5) provides that a court can reduce the final compensation by the amount of interim compensation awarded, and if the interim fees exceed the final amount, the court can order the excess returned to the estate. 11 U.S.C. § 330(a)(5). Again, the circumstances of this case negate the applicability of this provision. Indeed, the existence of this provision, which was enacted relatively recently in 1994, further emphasizes that Congress can draft a provision authorizing disgorgement when it so intends.

**F.     Final Matters**

The UST quibbles with other aspects of the bankruptcy court's decision, none of which affect the disposition of this case. First, in its discussion of § 549, the bankruptcy court stated that many administrative expenses are paid in the ordinary course of business and authorized by the Bankruptcy Code. However, the court mentioned the treatment of such expenses only to illustrate that some expenses are not recoverable by the trustee. Next, the UST faults the bankruptcy court for mentioning fees paid to the UST in the court's discussion of equitable principles. The Court finds no error with this part of the decision. Contrary to

the UST's characterization, the bankruptcy court did not try to reclassify the UST's fees as § 503(b) claims. Rather, the bankruptcy court persuasively illustrated the inequity that disgorgement would inflict on some claimants but not others. Lastly, the UST challenges the bankruptcy court's finding that Merical, Kalina, and Fredrikson do not have administrative expenses to the extent they received interim payments on their claims. The Court finds no error in this respect. Cf. In re Publ. Serv. Co. of N.H., 138 B.R. 660, 661 (Bankr. D.N.H. 1992) (ruling that interim awards must be credited toward the final fee award).

**CONCLUSION**

The bankruptcy court did not err in finding that the plain language of § 726(b) does not provide for recovery of interim professional fees. Further, the bankruptcy court did not abuse its discretion in refusing to disgorge such fees. Accordingly, the Court **AFFIRMS** the Order Denying Motions to Refund Fees.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 19, 2006

                 s/ Paul A. Magnuson
                 Paul A. Magnuson
                 United States District Court Judge